# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

In RE: Contempt Proceedings Against　)
Daniel E. Carpenter, Jonathan　　　　)　　NO. 24-MC-00005-HE
Boothroyd, and SDM Holdings, LLC　)

## ORDER

The court previously entered an order directing Daniel E. Carpenter, Jonathan Boothroyd, and SDM Holdings, LLC (a Connecticut limited liability company) to appear and show cause why they should not be held in contempt for violation of this court's orders.[1] They were directed to appear at a hearing on July 18, 2024. The order also indicated the contempt matter would proceed as one for criminal contempt.

Daniel E. Carpenter, appearing *pro se*, has since filed what he terms an emergency motion to dismiss the contempt proceedings.[2] He contends the court lacks jurisdiction as to the underlying dispute and that it lacks jurisdiction to consider contempt proceedings against him. He also asserts that venue is improper in this district and that any contempt proceedings should be transferred to Connecticut.

The bulk of the jurisdictional arguments advanced by Mr. Carpenter are identical to those advanced by other entities involved in this proceeding and which are controlled by

---

[1] *Second Order to Appear and Show Cause, filed June 27, 2024 [Doc. #670 in Case No. 14-FJ-0005].*

[2] *The motion is nominally directed to Chief Judge DeGiusti. Judge DeGiusti will designate a judge to preside over any contempt trial per Fed. R. Crim. P. 42(a)(3), but these cases (14-FJ-0005 and 24-MC-0005) otherwise remain assigned to the undersigned judge. As noted in the June 27 show cause order, the second case was opened only as a means of simplifying, and coordinating in one place, the filings related to the contempt matter. (References in this order to "this case" refer to filings in both cases unless the context otherwise requires.)*

Mr. Carpenter. Those arguments have been previously rejected by this court in multiple orders, hence it is unnecessary to repeat those discussions here.[3] This court's jurisdictional and other rulings are the subject of multiple appeals to the Tenth Circuit Court of Appeals.

Beyond the matters previously addressed by the court, Mr. Carpenter asserts that venue is improper in this district and that he, as a non-party, cannot properly be held to answer charges in this district. He is wrong on both counts.

The venue of a contempt proceeding for violation of an injunction is proper in the district in which the injunction was issued. "Enforcement of an injunction through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order." Waffenschmidt v. MacKay, 763 F.2d 711, 716 (5th Cir. 1985); *see also* United States v. Blechman, 782 F. Supp. 2d 1238, 1258-9 (D. Kan. 2011) and cases cited therein. Given that the assets sought to be preserved by the court's injunction orders are located and/or managed in this district, that many and perhaps most of the potential witnesses are located in this district, and that the alleged actions of Mr. Carpenter potentially constituting contempt were directed, at least in part, to persons in this district, it appears unlikely that general venue considerations would support a transfer to some other district. However, in light of the contempt nature of this particular proceeding, it is unnecessary to belabor the issue. Venue is proper in this district.

To the extent that Mr. Carpenter argues he cannot be held to account here by reason of his status as a non-party or as a Connecticut resident, the argument is unavailing. An

---

[3] *The court has also previously declined to recuse on the basis urged by Mr. Carpenter and continues to do so. See Order, Feb. 29, 2024 [Doc. #599].*

injunction binds not only the parties to the case out of which it arose, but also applies to non-parties who act in conjunction with a party. *See* Waffenschmidt, 763 F.2d at 717. As a result, a person who knowingly violates a freeze order is subject to contempt proceedings in the court issuing the order. *See* S.E.C. v. Homa, 514 F.3d 661, 674-5 (7th Cir. 2008). Following Homa, the Tenth Circuit has concluded that "a district court may properly exercise jurisdiction over a nonparty for purposes of entering contempt orders, when the nonparty, with actual notice of an injunctive order issued by the district court, and in active concert or participation with a party, violates that order." ClearOne Commc'ns, Inc. v. Bowers, 651 F.3d 1200, 1215-6 (10th Cir. 2011).

In sum, no basis for dismissal is stated based on considerations of venue or of Mr. Carpenter's non-party or non-resident status.

The motion also suggests the timeline contemplated by the June 27 order imposes unrealistic time constraints on the parties. If the August 21, 2024 trial setting contemplated by that order is unrealistic for some reason, any issue in that regard can be addressed at the July 18, 2024 hearing. Movant should not, however, anticipate a delay of 120 days or some other period designed to wait on rulings from the Tenth Circuit as to the pending appeals, as the disposition of the pending appeals would not, even if favorable to movant's view of the jurisdictional issues, make the contempt proceedings go away. So long as there is an arguable basis for the court's jurisdiction, as there plainly is here, its injunctive and other orders must be obeyed. "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the

order pending appeal." <u>Lundahl v. Halabi</u>, 600 F. App'x 596, 605 (10th Cir. 2014) (quoting <u>Maness v Meyers</u>, 419 U.S. 449, 458 (1975)).

Mr. Carpenter's emergency motion to dismiss [Doc. #3] is **DENIED.** The **July 18, 2024,** hearing will proceed as scheduled.

**IT IS SO ORDERED.**

Dated this 10th day of July, 2024.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE