# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

In RE: Contempt Proceedings Against
Daniel E. Carpenter, Jonathan Boothroyd,
and SDM Holdings, LLC

Case No. 24-MC-00005-GKF

## **ORDER**

Before the court is the *Motion to Dismiss* filed by defendants Jonathan Boothroyd and SDM Holdings, LLC. [Doc. 31].

This case arises out of lengthy and complex litigation concerning enforcement of a foreign judgment in the Western District of Oklahoma. [Case No. 14-FJ-00005-HE]. On June 27, 2024, United States District Judge Joe Heaton entered an order directing Daniel E. Carpenter, Jonathan Boothroyd, and SDM Holdings, LLC (a Connecticut limited liability company) to appear and show cause why they should not be held in contempt for violation of this court's orders. [Doc. 1]. The June 27 order also ordered that the criminal contempt matters would proceed under a separate Miscellaneous file number as a collateral proceeding. [*Id.* at pp. 3–4]. In the order, the parties were directed to appear at a hearing on July 18, 2024. The order also indicated the contempt matter would proceed as one for criminal contempt. Judge Heaton has since recused pursuant to Fed. R. Crim. P. 42(a)(3), and Chief United States District Judge Timothy D. DeGiusti assigned the case to the undersigned. [Doc. 28].

Jonathan Boothroyd and SDM Holdings, LLC, by their counsel, have since filed the *Motion to Dismiss* presently before this court. [Doc. 31]. They contend that for various reasons this court's June 27, 2024 order was void and unenforceable. Their brief-in-support contains nine arguments, all of which can be summarized as follows: (1) that this court lacked subject matter jurisdiction to issue the underlying order, (2) that the refiling of the foreign judgment after five years was ineffective, and (3) that this court lacked personal jurisdiction over them to enter the order. Each of these arguments will be addressed in turn.

The court's power to issue and enforce a criminal contempt citation "does not disappear upon a subsequent determination that the court was without subject-mater jurisdiction." *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992). This power of the court is based on its overriding interest in "the maintenance of orderly procedure, even in the wake of a jurisdiction ruling later found to be mistaken." *Id.* at 137; *see also Lundahl v. Halabi*, 600 Fed. Appx. 596, 606 (10th Cir. 2014) ("Even when a court lacks subject-matter jurisdiction over the substantive merits of a case, it retains the inherent authority to issue orders on matters collateral to the merits and to conduct sanction proceedings and to impose any sanction for abusive conduct . . . ."). Given that the order in this case was issued to sanction "disobedience to the orders of the Judiciary," it is not necessary that this court had subject matter jurisdiction at the time of the original order. [Doc. 1]. Accordingly, Jonathan Boothroyd's and SDM Holdings, LLC's arguments based on subject matter jurisdiction are unpersuasive. This court has the power to issue and enforce criminal contempt proceedings in this case.

A judgment in Oklahoma becomes "unenforceable and of no effect" if a renewal is not filed with the court clerk within five years. OKLA. STAT. tit. 12, § 735(A). However, a "foreign judgment" is subject to Oklahoma's Uniform Enforcement of Foreign Judgments Act and entitled to "full faith and credit" by Oklahoma state courts. OKLA. STAT. tit. 12, §§ 720–21. In light of the requirement to give full faith and credit to foreign judgments, the Supreme Court of Oklahoma has held that renewing a foreign judgment is effective beyond Oklahoma's five-year limitation so long as the judgment remains enforceable in the originating jurisdiction. *Taracorp, Ltd. v. Dailey*, 419 P.3d 217, 223 (Okla. 2018) ("Enforcement may be done, even if Oklahoma's limitation period for enforcement of judgments has run on the original domesticated foreign judgment"). In the case before this court, the underlying judgment from the United States District Court for the Southern District of New York remained enforceable throughout the relevant period.[1] Although the defendants' brief addresses *Taracorp* in passing, it does not present anything which would dissuade this court from holding, as the Oklahoma Supreme Court did in that case, that the foreign judgment at issue remained effective in the originating jurisdiction and was thus able to be renewed in Oklahoma during the relevant period. Renewal of the foreign judgment in this case appears to have been effective.

An injunction binds both the parties to the case out of which it arose and parties acting in concert with enjoined parties. *Waffenschmidt v. McKay*, 763 F.2d 711, 717 (5th Cir. 1985). Thus, "a district court may properly exercise jurisdiction over a nonparty for

---

[1] A money judgment is effective for 20 years under New York law. CPLR § 211(b). This 20-year limitation is analogous to Colorado's in *Taracorp*. 419 P.3d at 223.

purposes of entering contempt orders, when the nonparty, with actual notice of an injunctive order issued by the district court, and in active concert or participation with a party, violates that order." *ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1215–16 (10th Cir. 2011). Defendants Boothroyd and SDM Holdings argue that the traditional prerequisites for personal jurisdiction obtain in this matter, and that without service of process or claims against them, they cannot be held in contempt of court. [Doc. 31, p. 12]. However, the relevant standard for jurisdiction over a party in contempt proceedings for violation of an injunction only requires actual notice of the order and violation of the same in concert with an enjoined party. *ClearOne*, 651 F.3d at 1215–16. In his May 28, 2024 report, the receiver states that defendants Boothroyd and SDM Holdings, in conjunction with defendant Daniel Carpenter, "have sought to wholly discredit the authority of the Receiver and SDM—and by extension this Court's Orders—claiming that 'unauthorized third parties in Oklahoma' are making 'fraudulent claims' of control over SDM's policies." [Doc. #653, pp. 2–7, in Case No. 14-FJ-0005]. In light of the receiver's report and the *ClearOne* standard for acquiring jurisdiction for contempt, it is clear that this court had personal jurisdiction over Jonathan Boothroyd and SDM Holdings, LLC to enforce the injunction.

- 5 -

WHEREFORE, the Motion to Dismiss by defendants Jonathan Boothroyd and SDM Holdings, LLC [Doc. 31] is denied.

DATED this 11th day of September, 2024.

_____
**GREGORY K. FRIZZELL**
UNITED STATES DISTRICT JUDGE