# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

In RE: Contempt Proceedings Against
Daniel E. Carpenter, Jonathan
Boothroyd, and SDM Holdings, LLC

Case No. 24-MC-00005-GKF

## ORDER

Before the court is defendant Daniel E. Carpenter's *pro se* Motion to Dismiss Pursuant to the Speedy Trial Act. [Doc. 58]. For the reasons set forth below, the motion is denied.

### Background and Procedural History

This case arises out of lengthy and complex litigation concerning enforcement of a foreign judgment in the Western District of Oklahoma. [Case No. 14-FJ-00005-HE]. On June 27, 2024, United States District Judge Joe Heaton entered an order directing Daniel E. Carpenter, Jonathan Boothroyd, and SDM Holdings, LLC (a Connecticut limited liability company) to appear and show cause why they should not be held in contempt for violation of this court's orders. [Doc. 1]. The June 27 order also designated that the matter would be prosecuted as one for criminal contempt and would proceed under a separate Miscellaneous file number as a collateral proceeding. [*Id.* at pp. 3–4]. In the order, the parties were directed to appear at a hearing on July 18, 2024. Judge Heaton has since recused pursuant to Fed. R. Crim. P. 42(a)(3), and Chief Judge Timothy D. DeGiusti has assigned the case to the undersigned. [Doc. 28]. Notably for the purposes of this order,

attorney Jeffrey Sandberg entered an appearance on behalf of Mr. Carpenter on July 16, 2024.  [Doc. 18].

## Analysis

Criminal defendants represented by counsel do not have a "constitutional right to a hybrid form of representation."  *United States v. Hernandez-Mejia*, 406 Fed.Appx. 330, 335 (10th Cir. 2011) (quoting *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995)).  In other words, a defendant has no right under the Sixth Amendment to rely on an attorney retained at public expense for some portions of his defense while representing himself in others.  However, trial courts have discretion to allow hybrid representation when appropriate.  *United States v. Hill*, 526 F.2d 1019, 1024 (10th Cir. 1975) ("These decisions do not foreclose a trial judge from allowing hybrid representation in appropriate cases."); *United States v. Jarvi*, 537 F.3d 1256, 1262 (10th Cir. 2008) (court has discretion to refuse to consider *pro se* motion submitted by defendant with counsel); *and United States v. Suggs*, 378 F.Supp.3d 962, 972 (D. Colo. 2019) (court has discretion, but no duty, to consider motions submitted *pro se* when a defendant is represented by counsel).

Here, Mr. Carpenter has been represented by Mr. Jeffrey Sandberg since July 16, 2024, yet filed the instant motion *pro se*.  This court sees no reason to permit hybrid representation by Mr. Carpenter when he is represented by Mr. Sandberg.  Accordingly, the *pro se* motion must be dismissed.

WHEREFORE, the *pro se* Motion to Dismiss Pursuant to the Speedy Trial Act [Doc. 58] of defendant Daniel E. Carpenter is denied.

DATED this 12th day of December, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE