IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In RE: Contempt Proceedings Against Daniel E. Carpenter, Jonathan Boothroyd, and SDM Holdings, LLC, a Connecticut limited liability company | Case No. 24-MC-00005-GKF |

## ORDER

Before the court is defendant Daniel E. Carpenter's Motion to Dismiss. [Doc. 115]. For the reasons set forth below, the motion is denied.

### Background and Procedural History

This case arises out of lengthy and complex litigation concerning enforcement of a foreign judgment in the Western District of Oklahoma. [Case No. 14-FJ-5-HE]. On June 27, 2024, United States District Judge Joe Heaton entered an order directing Mr. Carpenter, Jonathan Boothroyd, and SDM Holdings, LLC to appear and show cause why they should not be held in contempt for violation of the court's orders. [Doc. 1]. The June 27 order also designated that the matter would be prosecuted as one for criminal contempt and would proceed under a separate Miscellaneous file number as a collateral proceeding. [*Id.* at pp. 3–4].

On July 5, 2024, Mr. Carpenter filed a *pro se* "Emergency Motion to Dismiss" the criminal contempt proceedings. [Doc. 3]. Judge Heaton denied the motion, and Mr. Carpenter appealed on July 15, 2024. [Doc. 7]. That appeal remains pending at 10th Circuit Court of Appeals (the "First Appeal").

On July 16, 2024 Mr. Jeffrey Sandberg entered his appearance as counsel for Mr. Carpenter. [Doc. 18]. Mr. Carpenter waived his personal appearance at arraignment [Doc. 17]

and Mr. Sandberg entered a plea of not guilty on Mr. Carpenter's behalf at the arraignment held July 18, 2024. [Doc. 26].

On July 22, 2024 Judge Heaton recused, and Chief Judge Timothy D. DeGiusti assigned the case to the undersigned. [Doc. 28].

On August 21, 2024 co-defendants Boothroyd and SDM Holdings filed a Motion to Dismiss for lack of jurisdiction. [Doc. 31]. This court denied the motion on September 12, 2024, and Boothroyd and SDM Holdings appealed on September 23, 2024 (the "Second Appeal"). [Doc. 41].

On December 10, 2024 Mr. Carpenter filed a *pro se* Motion to Dismiss Pursuant to the Speedy Trial Act. [Doc. 58]. This court exercised its discretion to refuse to consider the *pro se* motion submitted by a defendant represented by counsel and denied the motion. *See United States v. Jarvi*, 537 F.3d 1256, 1262 (10th Cir. 2008) (court has discretion to refuse to consider *pro se* motion submitted by defendant with counsel). [Doc. 59].[1]

On February 7, 2025 this court entered an Order addressing a number of issues raised at the pretrial hearing held February 4, 2025. [Doc. 84]. In that Order, the court held that the Speedy Trial Act applies in this case because the alleged criminal contempt is not a Class B Misdemeanor. The court also observed that "no Speedy Trial violation has occurred in this case due to excludable delay resulting from two interlocutory appeals, *see* 18 U.S.C. § 3161(h)(1)(C)." [*Id.* at p. 4, n.1].

On February 11, 2025 the government filed a Motion to Dismiss the criminal contempt proceedings against defendants Boothroyd and SDM Holdings. [Doc. 92]. Mr. Carpenter entered a plea of guilty on February 12, 2025 [Doc. 93], and this court dismissed defendants Boothroyd and SDM Holdings on February 13, 2025. [Doc. 98]. On February 18, 2025 Boothroyd and SDM

---

[1] Although the court "denied" the motion, it did not do so on the merits. In retrospect, it would have been more procedurally correct to either strike or dismiss the motion.

Holdings filed a motion to dismiss the Second Appeal which the Tenth Circuit granted that same day. [*See* Appellate Case No. 24-6208, Doc. 41].

On March 7, 2025 Mr. Carpenter filed a *pro se* Notice of Appeal [Doc. 101] challenging this court's Order denying his *pro se* Motion to Dismiss Pursuant to the Speedy Trial Act. [*See* Appellate Case No. 25-6030, Doc. 19].

Mr. Carpenter's counsel filed the instant Motion to Dismiss on April 8, 2025. [Doc. 115]. He argues that the First and Second Appeals did not constitute excludable periods of delay under the Speedy Trial Act because they did not result in actual delay of this court's proceedings. According to Mr. Carpenter, the Speedy Trial Act clock ran for 172 days in violation of the 70-day time limit imposed by 18 U.S.C. § 3161. The government filed a Response in Opposition on April 10, 2025. [Doc. 116].

**Analysis**

A.   *Mr. Carpenter filed a <u>pro se</u> Motion to Dismiss Pursuant to the Speedy Trial Act*

The Speedy Trial Act requires that "the information or indictment . . . be dismissed on motion of the defendant" if the defendant is not brought to trial within the time limits required by section 3161(c) as extended by section 3161(h). 18 U.S.C. § 3162(a)(2). "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty. . . shall constitute a waiver of the right to dismissal." *Id.* Here, Mr. Carpenter entered a plea of guilty on February 12, 2025, nearly two months before his counsel filed the instant Motion on April 8, 2025. [Doc. 93]. However, Mr. Carpenter filed a *pro se* Motion to Dismiss Pursuant to the Speedy Trial Act on December 10, 2024. Although the court exercised its discretion to deny/dismiss the motion because he was represented by counsel, Mr. Carpenter did not fail to move for dismissal prior to the entry of his

guilty plea. The court concludes that Mr. Carpenter did not waive his right to move for dismissal pursuant to the Speedy Trial Act.

        B.       *The Exclusion in Section 3161(h)(1)(C) is "Automatic"*

Crucial to Mr. Carpenter's motion is his legal assertion that an interlocutory appeal is an excluded period of delay only if it results in actual delay of the district court's proceedings. In other words, Mr. Carpenter interprets 18 U.S.C. § 3161(h)(1)(C) as containing a causation requirement. Both the Tenth Circuit Court of Appeals and the Supreme Court have rejected this interpretation of the Speedy Trial Act. *United States v. Tinklenberg*, 563 U.S. 647 (2011); *United States v. Vogl*, 374 F.3d 976, 985–86 (10th Cir. 2004).

In *Tinklenberg*, the Supreme Court considered the Sixth Circuit's holding that pretrial motions must "actually cause a delay" in order to apply the exclusion provision contained in § 3161(h)(1)(D). 563 U.S. at 653. The Court looked to the Act's express language, holdings from other circuits, practical considerations, Supreme Court precedent interpreting the Speedy Trial Act, and the Act's legislative history to hold that § 3161(h)(1)(D) stops the speedy trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins. *Id.* at 655–60. Although *Tinklenberg* concerned pretrial motions, the Court's analysis applies to any "period of delay" listed in § 3161(h)(1). *Id.* at 655 ("The whole paragraph can be read as requiring the automatic exclusion of the members of that specific sublist."). The Court concluded that the Speedy Trial Act does not "require[] a court to find that the event the exclusion specifically describes, here the filing of a pretrial motion, actually caused or was expected to cause delay of a trial." *Id.* at 660. *Tinklenberg* confirmed what the Tenth Circuit Court of Appeals had held for years: "that § 3161(h)(1)–(6) exclusions are 'automatic.'" *Vogl*, 374 F.3d at 985 (quoting *United States v. Young*, 45 F.3d 1405, 1411 n.6 (10th

Cir. 1995)). Interlocutory appeals are included in these exclusions and are automatic regardless of actual delay. § 3161(h)(1)(C).

Here, the Speedy Trial Act clock began to run at Mr. Carpenter's arraignment. § 3161(c)(1) ("the trial . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."). Mr. Carpenter was arraigned on July 18, 2024. [Doc. 26]. Mr. Carpenter filed his Notice of Appeal for the First Appeal on July 15, 2024, and that appeal remains pending before the Tenth Circuit. [Doc. 7]. The period beginning on July 18, 2024 is excluded due to the First Appeal. Since the First Appeal remains pending, that excluded period continued until Mr. Carpenter's guilty plea on February 12, 2025. [Doc. 93]. Thus, Mr. Carpenter has not suffered a violation of his rights under the Speedy Trial Act.

The court notes that the Second Interlocutory Appeal also stopped the speedy trial clock from running. Delay resulting from the interlocutory appeal of a co-defendant is applicable to all defendants. *United States v. Cortes-Gomez*, 926 F.3d 699, 705 (10th Cir. 2019) ("When the delay is reasonable, an exclusion for delay attributable to one defendant is applicable to all co-defendants.") (quoting *United States v. Thomas*, 749 F.3d 1302, 1308 (10th Cir. 2014)). The Second Appeal was filed on September 23, 2024 and dismissed on February 18, 2025. The period of delay beginning with the filing of the Second Appeal on September 23, 2024 to Mr. Carpenter's guilty plea on February 12, 2025 is therefore excluded as to Mr. Carpenter's speedy trial clock. Even if the period of delay resulting from the First Appeal is ignored, Mr. Carpenter's speedy trial clock was stopped automatically upon the filing of the Second Appeal. By his own calculations, Mr. Carpenter's Speedy Trial Act clock ran for thirteen days in July and twenty days in August.

[Doc. 115, p. 2, ¶ 3]. In September, Mr. Carpenter asserts that the clock ran for a total of twenty days, from September 4 to September 22. [*Id.*]. The Second Appeal was filed on September 23, 2024 and remained pending through the date of Mr. Carpenter's guilty plea. Thus, if for some reason the period of delay resulting from the First Appeal cannot be excluded, Mr. Carpenter's speedy trial clock ran only fifty-three days.

WHEREFORE, defendant Daniel E. Carpenter's Motion to Dismiss the Complaint Pursuant to the Speedy Trial Act [Doc. 115] is denied.

DATED this 17th day of April, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE