IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: CONTEMPT ) | |
| PROCEEDINGS AGAINST ) | |
| DANIEL CARPENTER, ) | Case No. 24-MC-005-GKF |
| JONATHAN BOOTHROYD, and ) | |
| SDM HOLDINGS, LLC ) | |

**ORDER**

This matter comes before the court on Defendant Daniel E. Carpenter's Motion for Reconsideration and/or Clarification [Doc. 223]. Upon review, the motion is dismissed for lack of jurisdiction, or in the alternative, dismissed in part for lack of jurisdiction, and denied in part as moot.

On November 21, 2025, the court entered the Judgment in a Criminal Case [Doc. 191] sentencing Mr. Carpenter to a term of zero months imprisonment and five years supervised release, and imposing a fine totaling $100,000.00, as well as a $100.00 monetary assessment.

On December 1, 2025, Mr. Carpenter moved to correct the sentence under Fed. R. Crim. P. 35(a). [Doc. 194].

On December 4, 2025, Mr. Carpenter filed a Notice of Appeal [Doc. 200] as to the Judgment [Doc. 191], as well as nineteen (19) prejudgment orders.

While the motion to correct sentence [Doc. 194] was pending, on December 19, 2025, Mr. Carpenter moved to extend the payment deadline until the court ruled on the pending motion to correct sentence. [Doc. 214].

On December 29, 2025, the court issued an order [Doc. 217] dismissing Mr. Carpenter's motion to correct sentence for lack of jurisdiction, or in the alternative, denying the motion. The same day, the court issued an order [Doc. 218] denying the motion to extend the payment deadline.

On January 2, 2026, Mr. Carpenter filed a Notice of Appeal [Doc. 219] regarding the order [Doc. 217] dismissing his motion to correct sentence.

In the instant motion, Mr. Carpenter seeks reconsideration/clarification as to the imposition of the term of supervised release. [Doc. 223]. Specifically, Mr. Carpenter "requests that the term of Supervised Release be eliminated from the Sentence or in the alternative, reduce the Fine to $5,000 so that Mr. Carpenter can pay that [*sic*] it and then the Government can live up to its obligations and assurances." [*Id.* at p. 1]. Mr. Carpenter also contends that "if the Court does not eliminate the period of Supervised Release then the Government will have breached the Plea Agreement." [*Id.*]. Based on the foregoing, the court construes the filing as a motion to reconsider (1) the order dismissing the motion to correct sentence [Doc. 217] and (2) the order denying the motion to extend the payment deadline [Doc. 218]. The court separately analyzes the request to reconsider each order.

Looking first to the court's denial of the motion to correct sentence, "[t]ypically, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). "This rule 'is a judge-made doctrine, designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time.'" *Madrid*, 633 F.3d at 1226 (quoting 20 MOORE'S FEDERAL PRACTICE § 303.32[1] (3d ed. 2010)). Mr. Carpenter filed a Notice of Appeal [Doc. 219] as to the court's denial of his motion to correct sentence and therefore this court is divested of jurisdiction to reconsider the same.

The Federal Rules of Appellate Procedure recognize that district courts "can proceed to resolve some matters simultaneously with the appellate court's consideration of the appeal," and "appellate courts have carved out further exceptions to the general rule that allow district courts to address certain matters when judicial efficiency is thereby enhanced." *Madrid*, 633 F.3d at 1226. However, Mr. Carpenter does not identify any rule or exception that would allow the court to reconsider its order [Doc. 217] dismissing the motion to correct sentence. Further, the court having reviewed the exceptions, none are applicable to the motion. Regardless, even if an exception to the general rule applied, the court would still lack jurisdiction over the Rule 35 motion for the reasons stated in the court's December 29, 2025, order [Doc. 217]. Therefore, Mr. Carpenter's motion to reconsider is dismissed for lack of jurisdiction insofar as it seeks reconsideration of the order denying the motion to correct sentence.

Turning next to the motion to reconsider the court's denial of the motion to extend the payment deadline [Doc. 214], Mr. Carpenter did not file an appeal as to that order [Doc. 218]. However, Mr. Carpenter did file a Notice of Appeal [Doc. 200] as to the Judgment [Doc. 191], which imposed the relevant deadline. Therefore, the motion to extend the payment deadline is also dismissed for lack of jurisdiction to the extent that it asks the court to reconsider its order denying the motion to extend the payment deadline imposed in the Judgment.

The Tenth Circuit has recognized the district court "may address 'matters that are [not] comprehended within the appeal.'" *Madrid*, 633 F.3d at 1226-27. Assuming this exception applies, to the extent that Mr. Carpenter asks the court to reconsider its order denying the motion to extend the payment deadline [Doc. 218], the motion is denied as moot. In the motion to extend the payment deadline [Doc. 214], Mr. Carpenter requested that the court extend the payment deadline until it ruled on the motion to correct sentence. Because the court issued the order of

3

December 29, 2025 [Doc. 217] dismissing Mr. Carpenter's motion to correct sentence for lack of jurisdiction, or in the alternative, denying the motion, his request to reconsider is moot. Thus, to the extent this exception applies to Mr. Carpenter's request to reconsider the order denying the motion to extend the payment deadline, the motion is denied as moot.

WHEREFORE, Defendant Daniel E. Carpenter's Motion for Reconsideration and/or Clarification [Doc. 223] is dismissed for lack of jurisdiction, or in the alternative, dismissed in part for lack of jurisdiction, and denied in part as moot.

IT IS SO ORDERED this 22nd day of January, 2026.

Gregory K. Frizzell
United States District Judge